Openbrier et al. *v.* General Mills, Inc., Appellant.

Argued October 28, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Charles B. Prichard,* with him *Miller & Schmidt,* for appellant.

*A. Kirk Wrenshall,* for appellee.

OPINION BY MR. JUSTICE STERN, November 25, 1940:

Rose Openbrier, wife plaintiff, bought a package of flour in Washington, Pennsylvania, from a local grocer who had purchased it from a wholesale dealer in McKeesport and the latter in turn from defendant company in Buffalo, New York, defendant being engaged there in the manufacture and shipping of flour. Mrs. Openbrier made bread from the flour and upon eating it swallowed pieces of broken glass contained therein. As a result she became ill, and, together with her husband, brought, in Washington County, the present suit for damages. The sheriff of that county deputized the sheriff of Dauphin County to execute the writ, which he did by serving it upon the Secretary of the Commonwealth who thereupon notified defendant. The latter obtained a rule to show cause why the return of service should not be stricken from the record and the suit dismissed on the ground that defendant was a foreign corporation having a certificate of authority to do business in Pennsylvania with its registered office in Philadelphia; it had no office, store, plant, or warehouse in Washington County, none of its officers, agents or employees resided or transacted any business there on its behalf, and none of the acts complained of by plaintiffs was done by it in Washington County. The court discharged the rule.

The Business Corporation Law of 1933, P. L. 364, section 1011, provides that "Such process [against a foreign business corporation] may be issued by any court, magistrate, or justice of the peace having jurisdiction of the subject matter of the controversy in any county

of the Commonwealth in which the corporation shall have its registered office, *or in the county in which the right of action arose."*

Where did the right of action arise in the present case? Undoubtedly in Washington, Pennsylvania, not in Buffalo, New York, because "To constitute a tort there must be an injury; mere negligence establishes no right of action. The place of wrong is, and the tort must be deemed to arise, where the injury is inflicted, not where the negligent acts leading to it were committed": *Mike v. Lian,* 322 Pa. 353, 356, 185 A. 775, 777. If the glass was in the package of flour as the result of defendant's negligence, no "right of action" (which is synonymous with "cause of action": *Alpha Claude Neon Corp. v. Pennsylvaina Distilling Co., Inc.,* 325 Pa. 140, 142, 188 A. 825, 826) accrued to Mrs. Openbrier until she ate the bread and thereby suffered injury: Restatement, Conflict of Laws, section 377.

Of course, the legislature has the power to determine the venue of suits against a registered foreign corporation, and since it has seen fit to allow such actions to be instituted in the county in which the right arose,* the Washington County court clearly had jurisdiction of the present suit. Defendant makes a point of the fact that in *Park Bros. & Co., Ltd., v. Oil City Boiler Works,* 204 Pa. 453, 54 A. 334, it was held that the Act of July 9, 1901, P. L. 614, regulating the service of process, conferred no jurisdiction upon courts not theretofore invested with it. Section 1011 of the Business Corporation Law of 1933 is not, however, concerned only with the *service* of process but provides that process may be *issued* by the appropriate court in the county in which the right of action arose. This provision is not merely

---

* The Nonprofit Corporation Law of 1933, P. L. 289, contains, in section 912, a provision identical with that in section 1011 of the Business Corporation Law of 1933, P. L. 364. A similar provision had been contained in section 2 of the Act of June 8, 1911, P. L. 710, which was repealed by these 1933 acts.

"a piece of legislation that assumes and intimates a jurisdiction in courts of counties where such causes of action arise without plainly providing therefor," *(Eline v. Western Maryland Railway Co.,* 253 Pa. 204, 207, 97 A. 1076, 1077), but, by granting power to issue process, necessarily confers jurisdiction over the parties against whom such process is directed. Indeed, as much was impliedly decided in *Alpha Claude Neon Corporation v. Pennsylvania Distilling Co., Inc.,* 325 Pa. 140, 188 A. 825.

The order of the court below is affirmed.