Palmitessa Unemployment Compensation Case.

Argued March 5, 1962. Before RHODES, P. J., ERVIN WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Ralph P. Carey,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., April 12, 1962:

Claimant appeals from a decision of the Unemployment Compensation Board of Review denying compensation under §402(b)(1) of the Unemployment Compensation Law, 43 PS §802, on the ground that she voluntarily left work without cause of a necessitous and compelling nature.

Although the claimant had a valid separation from her last employment, she did not earn eight times her weekly benefit rate in that employment. Consequently, her eligibility must be determined on the basis of her previous employment with Ann Lee Frocks of Pittston, Pennsylvania. With respect to that employment the board made only the following finding: "On January 8, 1960, the claimant terminated her employment with Ann Lee Frocks because she was dissatisfied with the working conditions."

There is no finding of the underlying facts by the board from which we can determine whether or not the claimant acted "with good faith" and in accordance with "standards of ordinary common sense and prudence" in leaving her job. *Kaylock Unemployment Compensation Case*, 165 Pa. Superior Ct. 376, 378, 67 A. 2d 801, 802 (1949).

The real issue in this case is whether the claimant's working conditions at Ann Lee Frocks were sufficiently abnormal and detrimental to constitute cause of a compelling and necessitous nature for leaving work. See *Pomorski Unemployment Compensation Case*, 189 Pa. Superior Ct. 257, 150 A. 2d 145 (1959).

The claimant's uncontradicted testimony, corroborated in part by a disinterested witness, would support findings, among other things, that in her employment as forelady by Ann Lee Frocks the claimant was compelled to work from 7:00 A.M. until 6:30 or 7:00 P.M. almost every day without any additional compensation, that her employer, over the claimant's objections, condoned the use of vulgar language toward her by other employes and failed on request to correct the conditions which compelled her to work unusually long hours, that these working conditions caused the claimant to become very tired, nervous and irritable, and that it would have been detrimental to her health and well-being for the claimant to continue in her employment with Ann Lee Frocks.

In view of this uncontradicted evidence, the board's statement in its decision that "[t]here is nothing in the record to indicate that the working conditions at Ann Lee Frocks were unreasonable or detrimental to the claimant's health and well-being" is not justified. There was uncontradicted, corroborated evidence of such conditions. Its credibility was for the board, but the board, by its own statement, has not passed upon it.

Under §510 of the Unemployment Compensation Law, 43 PS §830, the findings of the board as to the facts, if supported by the evidence and in the absence of fraud, are conclusive. But it was incumbent upon the board to make findings of the underlying facts from which it could be determined whether or not the claimant's leaving was or was not justified. *Donnelly Unemployment Compensation Case*, 182 Pa. Superior Ct. 23, 124 A. 2d 396 (1956). This court is bound by the findings of the board but cannot infer findings not actually made. Ibid. The findings must be sufficiently definite and specific to enable this court to pass upon the legal issues involved: *Follmer Trucking Company v. Pennsylvania Public Utility Commission*, 189 Pa. Superior Ct. 204, 150 A. 2d 163 (1959).

The decision of the board is vacated and the record is remitted for further consideration, the making of requisite findings of fact and the entry of a proper order.