## The Bendix Corporation *v.* Unemployment Compensation Board of Review.

Argued September 8, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Robert S. Rosenfeld,* with him *Keywell & Rosenfeld, David A. Wion* and *Reynolds, Bihl & Schaffner,* for appellant.

*Raymond Kleiman,* Deputy Attorney General, with him *Sydney Reuben,* Assistant Attorney General, for appellee.

*Joseph E. Gallagher,* with him *William P. Farrell* and *O'Malley, Morgan, Bour & Gallagher,* for intervening appellee.

OPINION BY JUDGE WILKINSON, October 8, 1971:

This case, together with numbers 137 through 140, inclusive, tests the validity of claims of approximately 600 employees of appellant for unemployment compen-

sation as a result of a work stoppage at the appellant's plant in South Montrose, Pennsylvania, in the summer of 1968. The initial determination made by the Bureau of Employment Security was to deny the application by reason of the work stoppage being caused by a labor dispute within the meaning of Section 402 (d) of the Pennsylvania Unemployment Compensation Law of December 5, 1936, P. L. 2897 (1937), as amended, 43 P.S. 802 (d).

The decision by the Bureau to deny unemployment compensation was reversed by the Referee who, after a hearing in which 87 pages of testimony were taken and many exhibits offered, made 14 findings of fact. The Referee concluded that the work stoppage resulted from a lock-out. The Company took an appeal to the Unemployment Compensation Board of Review on the grounds that the Referee's findings of fact were contrary to the record and the conclusions of law were in error.

The Unemployment Compensation Board of Review ordered two additional hearings, one on the request of the appellant and one on its own motion. At these two additional hearings testimony was offered. The second hearing which was ordered on the Board's own motion was necessary because the Board found that the record "is insufficient to make a proper factual determination under the law". (Record 198a). 35 additional pages of testimony were taken at the second hearing and 59 pages of testimony were taken at the third hearing. The second and third hearings were conducted by what the Board designates as a hearing officer who merely conducts the hearing. Neither hearing officer, as distinguished from the Referee, made any findings of fact or other evaluation of the testimony offered. The Referee and the two hearing officers were different individuals. The original findings of the Referee, as the

record now stands, do not in any way reflect the very considerable amount of testimony taken at the two later hearings. It may very well be that the subsequent testimony confirms and reinforces the findings of the Referee. On the other hand, if and when this testimony is considered and evaluated together with the original record, additional findings may be made which could revise or reverse the findings of the Referee.

The Board which considered this case was composed of two members. A careful review of the record discloses that these two members could agree on only two things: (1) additional testimony was needed because of the insuffcient record of the Referee (Record 198a); and, (2) the two members could not resolve the factual questions and reach an agreement as to the disposition of this appeal (Record 259a).

It is not necessary for this Court to decide now the difficult question of what disposition must be made of a case if the Referee has made findings on the basis of the entire record and a two man board divides on appeal. Whether under such circumstances the findings of the Referee can be considered as the findings of the Board within the requirements of *Palmitessa Unemployment Compensation Case,* 197 Pa. Superior Ct. 618, 179 A. 2d 679 (1962) and *Myers Unemployment Compensation Case,* 164 Pa. Superior Ct. 150, 63 A. 2d 371 (1949) is expressly not decided.

Accordingly, the decision of the Board is vacated and the record is remitted for the Board to consider the entire record, taking additional testimony if required, making or adopting requisite findings of fact and the entry of a proper order.