Weller Electric Corporation and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Tillie DePaul, Appellees.

Submitted on briefs, December 6, 1973, to Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*A. Albert Gross,* with him *Gross, Herster & Newton,* for appellants.

*Robert A. Freedberg,* for appellees.

OPINION BY JUDGE KRAMER, March 25, 1974:

This is an appeal by Weller Electric Corporation (Weller) and its insurance carrier from an order of the Workmen's Compensation Appeal Board (Board) granting Tillie DePaul's (DePaul) Petition for Further Medical Services under the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq.

The general question presented is whether Weller is liable for DePaul's medical expenses for the period from January 2, 1970 through February 6, 1970. De-Paul was hospitalized on January 2, 1970, and underwent surgery on January 26, 1970. She filed her Petition for Further Medical Services on January 28, 1970. On June 6, 1972, the Board referred the matter to a referee for the taking of testimony and ordered that a "transcript of said testimony to be certified back to the Workmen's Compensation Board, together with the record for its determination of the further medical petition." A hearing was held, and the record was returned to the Board. The Board issued an order dated March 30, 1973, granting DePaul's petition.

Weller argues three issues on appeal: (1) that there is no evidence in the record to support the proposition that the services requested would restore DePaul's earning power to a substantial degree; (2) that under Section 306(f) of the Act (77 P.S. §531) as it existed in

1970, it was error for the Board to grant an award for services rendered prior to DePaul's petition; and (3) that the Board erred when it failed to specify the maximum period of treatment allowed under the award. DePaul counters that the record supports the award and with respect to Weller's second issue, urges that we apply Section 306(f), *as amended* in 1972. DePaul urges that the 1972 amendment to Section 306(f)[1] eliminates the requirement that a petition for further medical services be filed prior to the rendering of such services because the amendment eliminates the time limitation on the employer's obligation to provide reasonable medical and surgical services. With respect to Weller's third point, DePaul argues that the time limitation of the Board's order was obvious and that any further statement in the Board's order with respect to the maximum period of time would have been superfluous.

In workmen's compensation cases where the party bearing the burden of proof has prevailed below, our scope of review is limited to determining whether there are errors of law, and whether there is substantial evidence to support the findings of fact presented. *See United States Steel Corporation v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 67, 308 A. 2d 200 (1973).

Our careful review of the record leads us to believe that it would have been possible to affirm the Board's order if appropriate findings of fact and conclusions of law had been made. Unfortunately, the Board's adjudication consists solely of an order, and contains no discussion, findings of fact, or conclusions of law other than the ultimate award. The Board's failure to make the required findings and conclusions makes it impossible for us to perform our appellate function and necessitates that we remand the matter to the Board. *See*

---

[1] Act of March 29, 1972, P. L.    , No. 61, §12.

488

*Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973). *See also* Section 427 of the Act, 77 P.S. §877.

It is also necessary for us to address the procedure utilized by the Board in reaching its order. Initially, the Board ordered that testimony be taken before a referee, and that the transcript be certified to the Board in order that the Board might make its decision. In *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), we held that the 1972 amendments to the Act only allow the Board to make its own findings when it takes additional evidence. *See* Section 423 of the Act, 77 P.S. §854. Under the posture of the case before us, the referee should have made the initial determination of facts concerning DePaul's petition. We therefore

### ORDER

AND NOW, this 25th day of March, 1974, it is ordered that the record in this case is hereby remanded to the Workmen's Compensation Appeal Board with direction that a proper adjudication containing findings of fact and conclusions of law be filed herein; the Board may either hear additional evidence or remand to the referee who heard the case for the making of findings of fact.