Isabella Greene, Widow of Munroe Greene, Deceased, Appellant, *v.* Marger, Inc., State Farm Fire & Casualty Company, Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued December 6, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Patrick A. Gleason,* with him *Gleason, DiFrancesco, Shahade and Markovitz,* for appellant.

*Harry B. Thatcher,* for appellees.

OPINION BY JUDGE BLATT, March 26, 1974:

The issue in this Workmen's Compensation Appeal is whether or not the decedent was "actually engaged

in the furtherance of the business or affairs of the employer"[1] at the time of his fatal car accident on May 23, 1968. After a hearing on March 26, 1970, at which the only testimony was that of Isabella Greene (claimant), widow of the deceased Munroe Greene, the referee awarded compensation based on the following so-called findings of fact:

"FIRST: On May 23, 1968 Munroe E. Greene was employed by the defendant at an average weekly wage sufficient to entitle his dependent-widow to the maximum rate of compensation.

"SECOND: On May 23, 1968 neither Munroe E. Greene nor the defendant had rejected the Workmen's Compensation Act.

"THIRD: On May 23, 1968 while in the course of his employment, the claimant was involved in an automobile accident which resulted in his death on May 24, 1968.

"FOURTH: The claimant left to survive him his widow, Isabella Greene, with whom he was living and who was dependent upon him for support at the time of his death.

"FIFTH: The expense of burial was in the amount of $1,150.00 and has been paid by the claimant-widow."

The Workmen's Compensation Appeal Board (Board) vacated the referee's award and remanded the case for further consideration, stating, in part: "Because of the importance of the question involved and in light of the admittedly complicated factual situation concerning whether the deceased was or was not actively engaged in the course of his employment with the Defendant at the time of the fatal accident, the Referee should have allowed the continuance asked for by the Defendant for the taking of additional testimony for further clarification of that issue."

---

[1] Section 301 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §411.

At a hearing before another referee on September 14, 1972, Marger, Inc. (appellee) introduced six witnesses (all of whom were associated with the company) who attempted to prove that the decedent was not acting in the course of his employment at the time of the accident and to rebut the testimony of the claimant who had been with the decedent during the evening of his death.

Despite the explicit admonition of the Board concerning the difficulty of this issue and the necessity for more facts, the second referee merely reiterated the meager findings of the first referee and found for the claimant. The Workmen's Compensation Appeal Board then reversed his decision in an opinion dated April 19, 1973, concluding that Greene had not been in the course of his employment at the time of the accident. This conclusion was based on the Board's belief that the decedent on the day of his death was negotiating personally with a prospective purchaser concerning land which was not involved with appellee's business. The Board found that, after taking this prospective buyer to the airport, the Greenes had dinner and then ". . . stopped at a motel, a customer of defendant, [Marger, Inc.] the purpose of which stop not being elicited." The fatal car accident occurred after this stop. These factual determinations were contrary to the claimant's testimony that the motel stop was an intended one and was deliberately executed for the benefit of Marger, Inc.[2] The testimony was obviously conflicting and the factual background uncertain.

Although the issue of whether or not an individual is in the course of his employer's business at the time of his death is one of law, its determination must necessarily be based upon findings of fact. *Farrell v. The*

---

[2] Claimant also attempted to show that the business negotiations of that day were in the interest of Marger, Inc. who subsequently purchased the land under discussion.

*House of Seagram, Inc.,* 8 Pa. Commonwealth Ct. 69, 301 A. 2d 121 (1973). The two referees here, however, made no findings of fact on this issue, but merely a bold conclusion of law. (See the third "finding.") The evidence was clearly contradictory and it was the referee's duty to sift through the testimony and to determine as well as he could where the truth lay. As we explained in *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), where the Board takes no new evidence, it should consider only the competence of the evidence adduced below and whether or not any conclusion reached by the referee constituted an error of law. *Cyclops, supra,* clearly applies to the instant case.

The referees here failed to fulfill their fact-finding duty and the Board erred in assuming it by determining issues of credibility, without taking new evidence. Where the proper fact finder fails to make a finding on a crucial issue, an appellate court can only remand to cure the error despite the unfortunate delay to the parties. *See Freedman v. Crown Paper Board Co.,* 9 Pa. Commonwealth Ct. 260, 307 A. 2d 466 (1973) ; *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

For the reasons stated above, we issue the following

### ORDER

Now, March 26, 1974, the record in this case is remanded to the Workmen's Compensation Appeal Board who shall direct that a proper adjudication be conducted by a referee in which there shall appear the necessary and proper findings of fact and conclusions of law, or, in the alternative, shall itself take additional testimony and thereafter enter a proper adjudication, pursuant to Section 423 of the Workmen's Compensation Act, 77 P.S. §854.