Joseph Horne Company and Liberty Mutual Insurance Company, Appellants, *v.* Workmen's Compensation Appeal Board and Sophronia Gamble, Appellees.

Argued June 7, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Thomas J. Ferris,* for appellants.

*John F. Will, Jr.,* with him *Will & Kiesling* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, October 18, 1974:

Sophronia Gamble (claimant) was employed by Joseph Horne Company (employer) as a cashier and wrapper at its Monroeville store. On October 14, 1971, she filed a claim petition with the Workmen's Compensation Appeal Board (Board), alleging that on June 1, 1971, she had suffered an accident within the scope of her employment while attempting to lift a large mirror onto a wrapping table. She alleged that the weight of the mirror had caused her to twist and lose her balance and so to incur a severe back injury. At a hearing before the referee, the claimant testified that she had never lifted such a large mirror before, that it was not normally her duty to lift large objects, and that she had never had any prior back problems. She said that the injury had caused her some pain, for the treatment of which she had started to see a physician on June 17, 1971. Finally, on June 25, 1971, she quit her job when the pain became so great that she was unable to work any longer. At the hearing the claimant introduced the testimony of Dr. Samuel Sherman who had treated her. He stated that his examination indicated that she had suffered a chronic low back sprain. It was his opinion that the sprain was caused by the alleged accident.

The employer's witnesses included Kathie Sickels, the personnel manager at the Monroeville store, and John Sosak, a claims adjuster for the employer's insurance company. Miss Sickels testified that she spoke with the claimant in July of 1971 and that the claimant at that time stated that she had aggravated a previous back injury in lifting the mirror. Mr. Sosak testified that he had interviewed the claimant over the telephone in August of 1971 and that she told him that she had felt pain in her back prior to the accident. She was also said to have indicated in that conversation that she had done heavy lifting at work prior to the inci-

dent in question and that she had not slipped, twisted or fallen in lifting the mirror.

After the hearing, the referee disallowed the claim and made the following so-called "Findings of Fact":

"FIRST: On November 1, 1971 Sophronia Gamble, claimant, filed Claim Petition No. 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 alleging that on June 1, 1971 she suffered an accident while in the employ of Joseph Horne Company, defendant, when, while lifting a large heavy mirror she twisted in an unusual manner causing immediate back pain, resulting in a severe back condition, to which the defendant filed a general denial, and under which Petition we now proceed.

"SECOND: The claimant has failed to establish by sufficient competent evidence that on June 1, 1971, or any other date, she sustained an accident within the meaning of the Workmen's Compensation Act.

"THIRD: That proper notice of the alleged accident was given to the defendant.

"FOURTH: That Liberty Mutual Insurance Company is the insurance carrier for the defendant."

On appeal, the Board, after receiving no new evidence, awarded benefits to the claimant. In doing so, the Board held that "[t]he findings of fact of the referee are such that we are not bound by them." The Board then proceeded to substitute its own findings. The employer has now appealed to this Court.

Our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Arnold Coal & Supply Co., Inc. v. Markle,* 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973). Where the Workmen's Compensation Appeal Board has taken no additional evidence, the Board and this Court, however, are bound by those facts found by the referee which are supported by sufficient and competent evi-

dence. *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). The Board may make its own findings only when it takes additional evidence. *Weller Electric Corporation v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 485, 317 A. 2d 339 (1974). The Board, therefore, clearly erred in this case when, without taking any evidence, it made its own findings and, on the basis thereof, awarded benefits.

While we cannot accept the Board's findings here, however, it is equally impossible for us to adopt the findings as stated by the referee. Findings should be sufficiently specific to enable this Court in its review to pass upon questions of law. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973). The claimant here has testified to facts which, if true, would meet the requirements of three of the four possible categories of compensable accidents recognized in *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 222, 298 A. 2d 632, 635 (1972), these three being: "(1) a sudden, unexpected traumatic event such as a fall or blow . . .; (2) unusual exertion in the course of work causing an unexpected and sudden injury . . .; [or] (3) an unusual pathological result of an ordinary condition of work. . . ." (Citations omitted.) Admittedly the testimony of the employer's witnesses if believed, could have defeated recovery by the claimant on any of these three grounds. The finder of fact must, however, make it explicitly clear what specific testimony he accepts as true. Otherwise, it is impossible for the Board or for a reviewing court to decide whether or not the proper law has been applied. In the case before us, with the Findings of Fact being as they are, we cannot determine whether or not the referee even considered each of the three theories under which the claimant might recover benefits, let alone whether or not he applied the law properly. "Where the proper fact finder

fails to make a finding on a crucial issue, an appellate court can only remand to cure the error despite the unfortunate delay to the parties." *Greene v. Marger, Inc.,* 12 Pa. Commonwealth Ct. 423, 426, 317 A. 2d 358, 360 (1974).

### ORDER

Now, October 18, 1974, it is ordered that the record in this case is hereby remanded to the Workmen's Compensation Appeal Board with direction that a proper adjudication containing findings of fact and conclusions of law be filed herein, and the Board may either hear additional evidence or remand to the referee who heard the case for the making of such findings of fact.