Helen F. Holland, Appellant, v. Workmen's Compensation Appeal Board, James Industries, and Erie Insurance Exchange, Insurance Carrier, Appellees.

Argued January 10, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*T. Dean Lower,* for appellant.

*Neil B. Murchison,* with him *Sullivan and Murchison,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, February 14, 1975:

Claimant-appellant was an employee of appellee on June 15, 1970, at which time her job consisted of gluing pieces of toys together, necessitating the squeezing of pieces between her right thumb and the fingers of her right hand and holding them together for a short period of time. This task was repeated eight times a minute for an entire eight-hour shift. On that particular evening, claimant was gluing pieces of a toy kitten which pieces came out of a machine and were still hot when claimant picked them up. She developed a blister on her right thumb and asked for and received a band-aid from the employer's "floor girl." Claimant testified that although she continued to work on the following days, her thumb was sore; that as the blister healed, the joint at the base of her thumb got sorer.

Claimant went on vacation on June 27, returned to work on July 7, and worked through July 10, 1970. She testified, however, that her thumb continued to be swollen and painful and that on July 6, 1970, she consulted a reflexologist who advised her to see a physician. On July 20, 1970, her family physician diagnosed the injury to her thumb as stenosing tenosynovitis and deQuervian's disease. It was his opinion that the above described work activity was the cause of this condition. This diagnosis was later confirmed by an orthopedic physician and after conservative attempts to treat the thumb failed, claimant was operated on on March 3, 1971, and

was eventually discharged by both doctors as fully recovered on May 19, 1971.

Claimant timely filed a claim petition. Hearings were held and on December 28, 1973, the referee disallowed the claim. The Workmen's Compensation Appeal Board affirmed on May 23, 1974, and claimant has appealed to us.

The referee's findings of fact are set forth here in their entirety:

"FIRST: On June 15, 1970 the claimant was employed by the defendant.

"SECOND: On June 15, 1970 neither the claimant nor the defendant had rejected the Workmen's Compensation Act.

"THIRD: During June, 1970 the claimant experienced pain and discomfort in her right hand.

"FOURTH: The claimant has failed to prove any accidental injury and resulting disability within the meaning of the Workmen's Compensation Act while in the course of her employment with the defendant." The Board affirmed the referee, but in concluding, stated: "This board, on the record might be inclined to reverse the referee if this board were the finder of facts."

Claimant asserts that the Board misinterpreted its scope of review as set forth in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), and erred as a matter of law in not reversing the referee's fourth "finding of fact." Claimant contends that this finding of no compensable accident is actually a conclusion of law and is therefore, reviewable by the Board. We agree and must reverse.

Although the findings of the referee are somewhat less than desirable, in this type of case where the material facts are essentially undisputed, we have no difficulty in applying them to the applicable law. The issue is, of course, whether there was an accident. The

claimant argues that the circumstances bring her case within the unusual pathological result doctrine. The elements necessary to establish an accident under this doctrine were set forth by Judge KRAMER in *Hinkle v. H. J. Heinz Company,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972). They are: (1) the ordinary and usual nature of the work or act being performed by the employee; (2) the unexpected nature of the event or occurrence resulting from such work or act; (3) a definable event, or series of events, causing the sudden onset of the unexpected pathological result; and (4) physical injury or physical change of bone or body tissues. The facts of this case clearly meet all of these requirements. Claimant was doing her normal and usual work; an injury of the type involved here is an unexpected pathological result of such work; the repetitive nature of the work was the cause of the injury; and the claimant suffered a physical injury. In addition, we note that the medical evidence in the record establishes that claimant was a normal healthy woman with no pre-existing condition which would contribute to the injury here.

In *Wance v. Gettig Engineering and Mfg. Co., Inc.,* 204 Pa. Superior Ct. 297, 300, 204 A. 2d 492, 493-94 (1964), a case which is remarkably similar on its facts to the instant appeal, the court stated: "[T]he law is well settled that the factor which is unexpected may lie either in the circumstances causing the injury or in the nature of the injury itself. . . . Where an employe is performing his usual work but there occurs an unexpected and unusual pathological result, the accident resides in the extraordinary nature of the effect rather than in the cause. . . ." (Citations omitted.)

It would appear that the referee did not consider the unusual pathological result doctrine in reaching his decision. We are compelled to conclude that the referee capriciously disregarded the evidence and that the Board

erred in not reversing the referee's fourth "finding of fact."

Accordingly, we enter the following

ORDER

Now, February 14, 1975, the order of the Workmen's Compensation Appeal Board, dated May 23, 1974, is reversed and the record is remanded for further proceedings not inconsistent with this opinion, including a determination of the amount of compensation and medical expenses due claimant.