346 A.2d 556

**PAGE'S DEPARTMENT STORE**

v.

**Crispino VELARDI, Appellant,**

**and**

**Workmen's Compensation Appeal Board.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1974.

Decided Oct. 3, 1975.

Rehearing Denied Nov. 12, 1975.

278

280

James W. Cullen, Irving M. Stern, Sayre, for appellant.

Joseph A. Murphy, John R. Lenahan, Lenahan, Dempsey & Murphy, Scranton, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

This is an appeal by Crispino Velardi, a former employee of Page's Department Store in Sayre, Pennsylvan-

ia, from denial of a claim under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, § 101 *et seq.,* as amended, 77 P.S. § 1 *et seq.* The claim petition was denied by the referee on the ground that Velardi had not proved an accident; the Workmen's Compensation Appeal Board, without taking any additional evidence, found to the contrary and rendered an award; the Commonwealth Court reversed the Board and upheld the referee. We granted allocatur [1] and, for the reasons which follow, will remand for further proceedings.

The claimant's testimony was that while arranging a display of summer merchandise at the store, he lifted a lawnmower weighing approximately fifty pounds for the purpose of placing it upon a platform six inches above the floor level; that, as he was putting the lawnmower on the platform, he stumbled and fell onto the lawnmower; and that when he attempted to straighten up, he experienced severe pain in his back.[2] The claimant's physician testified that upon examination of the claimant the day after this incident he made a diagnosis that the claimant was suffering from a herniated intervertebral disc; a laminectomy was later performed. The doctor gave it as his opinion that the disc injury was caused by the incident at Page's store. There was also evidence and the referee found as a fact that Velardi had injured his back when as a pedestrian he was struck by an automobile in 1957.

1. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204, 17 P.S. § 211.204 (Supp.1975).

2. The referee's finding with respect to claimant's testimony was as follows:
 "3. On March 11, 1971 while working for the defendant the claimant was arranging a merchandise display in the defendant's store. He lifted a lawn mower weighing approximately fifty pounds from the floor to a platform about six inches high. He bent over to set it down and when he started to stand up straight he felt a sharp pain in his back. We find as a fact that the claimant was performing his usual work in the usual manner and he failed to prove that he sustained an accidental injury while working for the defendant."

■ It is, of course, elementary that in order to establish his entitlement to workmen's compensation benefits a claimant must prove the occurrence of an accident in the course of his employment. See Act of June 2, 1915, P.L. 736, art. III, § 301(a), as amended, 77 P.S. § 431.[3] As stated above, the referee found that appellant had failed to prove an accidental injury. Our initial inquiry must be to determine whether the Board was legally empowered to substitute its own finding that the claimant was the victim of an accident in the course of his employment for the referee's finding that no such accident occurred.

■ Prior to the new legislation of 1972, workmen's compensation referees were considered to be agents of the Workmen's Compensation Board, and their decisions with respect to matters both of fact and of law were fully reviewable by the Board whether or not the Board considered additional evidence. Act of June 2, 1915, P.L. 736, art. IV, § 423, as amended prior to 1972, 77 P.S. § 854; *Bullock v. Building Maintenance Inc.*, 6 Pa.Cmwlth. 539, 297 A.2d 520 (1972); *Scott & Statesman Ins. Co. v. De Angelis*, 3 Pa.Cmwlth. 168, 281 A.2d 172 (1971). Under the 1972 amendments[4] questions of law continue to be completely reviewable, and if the Board hears additional evidence, it may still make its own findings of fact. If however, the Board hears no new evidence, it is no longer free to make its own findings of fact, but is limited to reviewing conclusions of

**3.** This section was amended in 1972 to provide for compensation for all injuries suffered in the course of employment, thus eliminating the requirement of proof of an accident. See Act of March 29, 1972, P.L. 159, No. 61, § 6, as amended, 77 P.S. § 431 (Supp.1975). This provision of the 1972 amendments is not applicable to this case, however, because the claimant's injury occurred prior to May 1, 1972, the effective date of those amendments. *Hinkle v. H. J. Heinz Company*, 462 Pa. 111, 337 A.2d 907, 910 n. 4 (1975).

**4.** Act of February 8, 1972, P.L. 25, No. 12, § 3; Act of March 29, 1972, P.L. 159, No. 61, § 1 *et seq.*

law and to determining whether the findings of fact of the referee are supported by competent evidence. Act of February 8, 1972, *supra*, and Act of March 29, 1972, *supra*, § 23, 77 P.S. § 854 (Supp.1975). *Joseph Horne Company et al. v. Workmen's Compensation Appeal Board*, 15 Pa.Cmwlth. 419, 327 A.2d 395 (1975); *Weller Electric Corporation v. Workmen's Compensation Appeal Board*, 12 Pa.Cmwlth. 485, 317 A.2d 339 (1974); *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973); *see generally* 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease §§ 6.24(2), 6.24(3) (1975). Applying the 1972 amendments and treating the referee's finding that no compensable accident had occurred as a finding of fact, the Commonwealth Court held that the Board erred in making its own finding that an accident had occurred.

Although we agree with the Commonwealth Court that the 1972 changes in the Board's scope of review were applicable to this case,[5] we do not accept that

5. Although the incident giving rise to this claim and the filing of the claim petition occurred prior to May 1, 1972, the effective date of the 1972 amendments, the appeal to the Board was heard and decided after that date. Legislation which affects substantive rights will not be construed to apply retroactively unless the legislature has expressly provided that it shall, but legislation which merely alters procedure will generally be applied to pending proceedings. See *Smith v. Fenner*, 399 Pa. 633, 161 A.2d 150 (1960); *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 110 A. 731 (1920). A statute affects substantive rights if it alters a cause of action. See *Smith v. Fenner, supra*. The phrase "cause of action" may have different meanings for different purposes. See *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 67, 53 S. Ct. 278, 77 L.Ed. 619, 623 (1933). The definition which is perhaps most useful in making distinction between substance and procedure is that a cause of action consists of "the group of operative facts out of which a grievance has developed." *Id.*; *see also Smith v. Fenner, supra*, 399 Pa. at 641 n. 2, 161 A.2d at 154 n. 3, and the cases cited therein. Thus, a "cause of action" may be defined as the factual basis for a claim, or, to put it another way, a set of facts which, if proved, would entitle a party to relief.

Changes in the scope of review of an appellate court or other review body have been held to be procedural in nature, for they have no bearing upon a claimant's right to relief upon a given set of facts; such changes merely alter the susceptibility of the deci-

court's characterization of the question of whether an accident occurred as solely one of fact. As noted above, proof of an "accident" is a necessary condition to entitlement to workmen's compensation benefits. Act of June 2, 1915, *supra*, § 301(a), as amended prior to 1972, 77 P.S. § 431; *Hinkle v. H. J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975). Over the years the term "accident", which is used in the workmen's compensation statutes of most states, has become something of a term of art, acquiring by virtue of numerous court decisions connotations which differ somewhat from the meaning of the word in common parlance. *See generally* 1A A. Larson, Workmen's Compensation Law, §§ 37.00 *et seq.*, 38.00 *et seq.*, and 39.00 *et seq.* (1973); 1 A. Barbieri, *supra*, §§ 3.08–3.17. In an early case this Court defined the term accident as a "mishap", a "fortuitous happening", or an "untoward event which is not expected or designed." *McCauley v. Imperial Woolen Company et al.*, 261 Pa.

sion of a court or administrative officer or board to reversal or modification by an appellate court or other reviewing body. See *Kuca v. Lehigh Valley Coal Co., supra*. Thus, the changes in the Board's scope of review wrought by the amendments of Section 423, being procedural in nature, are applicable to pending proceedings such as this claimant's appeal to the Board. See *Universal Cyclops v. Krawczynski*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973). This is in contrast to the amendments made by the same Act to Section 301(a) and which eliminated the requirement of proof of an accident in workmen's compensation cases. The latter provision clearly alters the facts which a claimant must prove in order to establish entitlement to workmen's compensation benefits and is therefore not applicable to this claimant's case, see note 3 *supra*.

Our conclusion that the changes in the Board's scope of review made by § 3 of the Act of February 8, 1972, *supra*, and § 23 of the Act of March 29, 1972, where applicable to the Board's disposition of the claimant's appeal is consistent with Section 25 of the Act of March 29, 1972, P.L. 159, No. 61, 77 P.S. § 1023 (Supp. 1975) which provides that "[n]othing in this act shall affect or impair any right of action which shall have accrued before this act shall take effect. . . ." This Court has held that the phrase "right of action" is synonymous at least in some contexts, with the phrase "cause of action". See *Alpha Claude Neon Corp. v. Pennsylvania Distilling Co., Inc.*, 325 Pa. 140, 142, 188 A.2d 825, 826 (1936); *Openbrier v. General Mills, Inc.*, 340 Pa. 167, 16 A.2d 379 (1940).

312, 328, 104 A. 617, 622 (1918); see also *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 577, 164 A. 724, 725 (1933). It has become well-settled that the element of unexpectedness or unforeseeability may be supplied not only by the manner in which the injury occurred but also by the "circumstances causing the injury or in the nature of the injury itself." *Hinkle v. H. J. Heinz Company*, 462 Pa. 111, 337 A.2d 907, 910 (1975). See also *Parks v. Miller Printing Machine Company*, 336 Pa. 455, 458–59, 9 A.2d 742 (1939). Thus, whether or not an "accident" for workmen's compensation purposes had occurred is a conclusion of law, requiring the application of a voluminous body of case law to a set of factual findings as to what transpired at the relevant time and place. Because the answer to the question whether an accident has occurred is a legal conclusion rather than a factual finding, it is fully reviewable by the Board under the 1972 amendments to Section 423. *Holland v. Workmen's Compensation Appeal Board*, 16 Pa.Cmwlth. 367, 332 A.2d 834 (1975).

Having determined that the Board did not *per se* err in drawing its own conclusion with regard to the occurrence of an accident, there remains for decision the question whether the Board was correct in determining that the referee had erred when he concluded that no accident had occurred. Our own review of the referee's findings of fact discloses that they are insufficient to enable the Board or an appellate court to decide this issue. The referee apparently accepted the claimant's account of the episode in appellee's store on March 11, 1971.[6] He also found that in 1957 the claimant had suffered an injury to his back in an automobile accident. He did not, however, make findings as to whether the claimant's fall onto the lawnmower caused his subsequent back disability or whether in 1971 he was still suffering any effects

6. See note 2, *supra.*

of the 1957 accident. Both of these findings are essential to the determination of whether appellant sustained an accident in the course of his employment. The claimant's fall over the lawnmower would seem to be the kind of unusual or unexpected occurrence which has generally been considered to be an accident for workmen's compensation purposes. See *McCarthy v. General Electric Co.*, 293 Pa. 448, 143 A. 116 (1928); see generally *Parks v. Miller Printing Maching Company*, 336 Pa. 455, 458–59, 9 A.2d 742 (1939). Thus, appellant's back disability, if caused by the fall, would be compensable. Moreover, the fact that appellant's back disability first manifested itself immediately after his attempted lifting of the lawnmower while acting in the course of his employment at Page's may be sufficient to establish the occurrence of an accident under the "unusual pathological result doctrine". Under that doctrine, an "accident" occurs "where the work or act performed by the employee is voluntary, and not marked by any abnormal or unusual feature, but where there occurs an unexpected and unusual pathological result. . . ." *Parks v. Miller Printing Machine Co., supra* at 459, 9 A.2d at 744. In such cases "the accident resides in the extraordinary nature of the effect rather than in the cause." *Id.* The unusual pathological result doctrine does not, however, relieve an employee of the burden of proving that his injury is causally connected to his employment. Thus, there can be no recovery under this doctrine if it is shown that a preexisting physical condition contributed to the employee's injury. *Yuhas v. Bethlehem Steel Corp.*, 8 Pa.Cmwlth. 302, 303 A.2d 266 (1973); *Rettew v. Graybill*, 193 Pa.Super. 564, 165 A.2d 424 (1960); 1 A. Barbieri, *supra*, § 3.11 at 21. It would therefore appear that appellant established the occurrence or an "accident" under the unusual pathological doctrine unless it were determined that he was still suffering from the effects of the 1957 automobile accident.

 When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level. In cases such as the one before us in which essential findings of fact were not made the case must be remanded so that the findings may be supplied. See *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa.Cmwlth. 19, 330 A.2d 555 (1975); *Joseph Horne Co. et al. v. Workmen's Compensation Appeal Board et al.,* 15 Pa.Cmwlth. 419, 327 A.2d 395 (1974); *Greene v. Marger, Inc.,* 12 Pa.Cmwlth. 423, 317 A.2d 358 (1974); see also *Palmitessa Unemployment Case,* 197 Pa.Super. 618, 179 A.2d 679 (1962); *Antinopoulas Unemployment Compensation Case,* 181 Pa.Super. 515, 124 A.2d 513 (1956).

The order of the Commonwealth Court is vacated and the case is remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.

MANDERINO, J., concurs in the result.

ROBERTS, J., filed a concurring and dissenting opinion.

ROBERTS, Justice (concurring and dissenting).

I agree that the order of the Commonwealth Court should be vacated, but I see no reason to remand the case to the Board.

A claimant under the Workmen's Compensation Act must prove that he suffered an accident and that the ac-

cident occurred in the course of his employment. Claimant has done this. There was an additional finding of fact that claimant had suffered a back injury fourteen years earlier. The Board considered this earlier injury too remote to be germane.

If the employer wished to deny liability for the accident by asserting that the injury was caused by the effects of the earlier accident, it was incumbent on it to produce evidence to support such a finding of fact. The employer has not done so. The referee and the Board had evidence of the earlier injury but made no finding of fact that it caused the present injury.

A compensable injury has been established. This conclusion has not been altered by any finding that it was caused by an earlier injury. I can see no reason to allow the employer to attempt again to prove that which he could not at the earlier opportunity.