700 A.2d 427

**Michael D. BOWMAN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellee.**

**Elsie M. Gibson, Intervenor.**

Supreme Court of Pennsylvania.

Argued Dec. 10, 1996.

Decided Sept. 18, 1997.

---

66

Jeffrey C. Dohrmann, Williamsport, for Michael D. Bowman.

Virginia J. Davison, William W. Shakely, Harrisburg, for Dept. of Conservation & Natural Resources.

Paul R. Beckert, Jr. Longhorne, for Elsie Gibson, Intervenor.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

NIGRO, Justice.

This case presents the question of whether the Commonwealth Court exceeded its scope of review by reweighing the facts presented rather than determining whether substantial evidence supported the findings of the State Civil Service Commission ("Commission").

Appellant, Michael D. Bowman ("Bowman"), began employment at Ricketts Glen State Park ("Ricketts Glen") as a Seasonal Park Ranger 1 in June of 1983. Elsie M. Gibson ("Gibson") started work at Neshaminy State Park ("Neshaminy") as a Seasonal Park Ranger 1 in August of 1983. Bowman was promoted to a Seasonal Park Ranger 2 in 1989, while Gibson was promoted to a Seasonal Park Ranger 2 in 1986.[1]

In March of 1992, a permanent Park Ranger 2 ("PR2") position became available at Ricketts Glen. Bowman and Gibson both met the minimum education and training requirements for the permanent PR2 position and applied for the job along with seventeen other qualified applicants. However, only Bowman and Gibson were eligible to be interviewed. Bowman's eligibility stemmed from the fact that he was already employed at Ricketts Glen while Gibson became eligible pursuant to a ranking process which combines seniority and performance evaluation.

In July of 1992, Ricketts Glen supervisor Bruce Semmel ("Semmel") interviewed Bowman and Gibson, asking each applicant the same questions. After the interviews, Semmel recommended Bowman for the PR2 position based on his belief that Bowman's nine years of experience at Ricketts Glen, a much larger park than Neshaminy, made him better qualified for the position than Gibson.[2]

After Semmel submitted his recommendation of Bowman, Semmel was contacted in October of 1992 by Donald Mains, Assistant Director of the Department of Environmental Resources ("Department") Bureau of State Parks. Donald Mains directed the Department to place Gibson in the PR2

1. A Park Ranger 2, unlike a Park Ranger 1, is authorized to enforce the crimes code, game law, fish law and park rules.

2. Ricketts Glen is a twenty-four hour state park offering camping, hiking, bridle trails, boating, swimming, fishing and hunting. The park covers 13,050 acres and exhibits rough terrain and waterfalls. *Department of Environmental Resources v. Bowman*, 667 A.2d 499, 502 (Pa. Cmwlth.1995); State Civil Service Commission Opinion at p. 3, n. 1. Neshaminy consists of 303.17 acres and is essentially a day park, although it offers a twenty-four hour marina. It offers swimming, boating, fishing, and picnicking and displays gentle terrain. *Id.*

position, stating there was no significant justification for non-selection of the affirmative action candidate. On October 28, 1992, Bowman was informed verbally that the Department had selected Gibson. Bowman appealed to the Commission under § 951(b) of the Civil Service Act ("Act"), 71 P.S. § 741.951(b), and a hearing was held before three commissioners.[3]

Following the hearing, the Commission concluded that Gibson had been hired entirely on the basis of her sex, and the Department had, therefore, discriminated against Bowman in violation of § 905.a of the Act, 71 P.S. § 741.905a. The Commonwealth Court reversed, finding the record did not contain substantial evidence to support the Commission's findings. *Department of Environmental Resources v. Bowman*, 667 A.2d 499 (Pa.Cmwlth.1995).

The standard of review involving agency adjudications is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether the findings of the agency are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workers' Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992); *See* 2 Pa.C.S. § 704. The reviewing court is not directed to inquire into the administrative agency's adjudication, but rather only to determine whether it was supported by substantial evidence.[4] *Bethenergy Mines, Inc.* 531 Pa. at 291,

**3.** Section 951(b) of the Act provides:

(b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

Further, § 905a, 71 P.S. § 741.905a, provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

**4.** Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peak v. Commonwealth, Unemployment Compensation Board of Review*, 509 Pa. 267, 275, 501 A.2d 1383, 1387 (1985) (citations omitted).

612 A.2d at 436 (citations omitted). Further, this Court has stated that:

courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion in the absence of bad faith, fraud, capricious action or abuse of power. . . . That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; judicial discretion may not be substituted for administrative discretion.

*Norfolk and Western Railway Company v. Pennsylvania Public Utility Commission,* 489 Pa. 109, 128, 413 A.2d 1037, 1047 (1980), *citing Blumenschein v. Housing Authority of Pittsburgh,* 379 Pa. 566, 573, 109 A.2d 331, 334–35 (1954), *appeal dismissed,* 350 U.S. 806, 76 S.Ct. 68, 100 L.Ed. 724 (1955). This Court finds the Commonwealth Court erred in reversing the Commission's finding, as substantial evidence was presented to support the Commission's decision, and, therefore, we reverse.

Instantly, after a March 24, 1994 hearing, the Commission overturned Gibson's appointment, ordering the appointment of Bowman to the position of PR2 at Ricketts Glen. As the Commission properly noted, Bowman's primary argument was that the Department discriminated against him by hiring a less qualified individual on the basis of her sex. The Commission found Bowman presented sufficient evidence that he was better qualified than Gibson and was discriminated against on the basis of non-merit factors, i.e., the selection of a female. They found that Bowman had "spent nearly nine years at [Ricketts Glen], a significantly more geographically demanding park with more exposure to the camping public than the park in which [Gibson] spent her time." Commission Opinion at p. 6. Moreover, the Commission emphasized that it appeared to them that Gibson was hired entirely on the basis of her sex as there was no record evidence presented establishing that Gibson was even equally qualified. *Id.*

The Commonwealth Court agreed with the Commission that Bowman gained his experience in a much larger park than Gibson. The court stated "a reasonable person might con-

clude from this evidence alone that Bowman was better qualified for the Ricketts Glen position." *Bowman*, 667 A.2d at 502. Nevertheless, the Commonwealth Court rejected that finding, indicating that Bowman's experience at Ricketts Glen is only one factor a reasonable person would consider in determining whether Bowman is more qualified for the PR2 position, noting that Gibson's promotion to seasonal PR2 almost three years before Bowman made her at least equally as qualified. *Id.*, 667 A.2d at 503.

By focusing on Gibson's experience and presenting arguments as to why she was as qualified as Bowman, the Commonwealth Court improperly exceeded its scope of review. Although the Commonwealth Court acknowledged the Commission's findings, it failed to limit its review to a determination as to whether substantial evidence supported those findings. Instead, the Commonwealth Court focused on Gibson's PR2 experience and found she was as qualified as Bowman for the Ricketts Glen position. In doing so, the Commonwealth Court reweighed the facts and impermissibly substituted its judicial discretion for that of the Commission.

We find there was adequate evidentiary support for the Commission's conclusion to order the appointment of Bowman to the PR2 position at Ricketts Glen, and, therefore, the Commonwealth Court improperly reweighed the facts. Accordingly, the Order of the Commonwealth Court is reversed and the Commission's decision is reinstated.

CAPPY, J., files a concurring and dissenting opinion in which CASTILLE, J., joins.

NEWMAN, J., did not participate in the consideration or decision of this case.

CAPPY, Justice, concurring and dissenting.

I concur with the majority that the Commonwealth Court should not have reversed the Civil Service Commission. I dissent, however, from the majority's decision to uphold the Commission's ruling, which effectively reduces appellate review of administrative decisions to a rubber stamp. That

result is incompatible with the Administrative Agency Law and our past decisions. Instead, the case should be remanded.

According to the majority, in an appeal from an agency decision, the reviewing court's function ends once it finds a single, substantive item of evidence that supports the decision below. That view of the role of appellate review has been considered, and rejected, in the past.

In *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed.2d 456 (1951), the United States Supreme Court held that under the judicial review provision of the federal Administrative Procedure Act, 5 U.S.C. §§ 706, a court was required to review the entire record, including the evidence which detracted from the agency's decision. Only when the record *as a whole* contained substantial evidence to support the agency decision should the court affirm. *Id.* This court has held that *Universal Camera* states the appropriate scope of review under Pennsylvania's Administrative Agency Law. *Peak v. Commonwealth, Unemployment Compensation Board of Review*, 509 Pa. 267, 274, 501 A.2d 1383, 1387 (1985).

The majority's decision therefore represents a departure from precedent, and in my view an ill-advised one. If the Commonwealth Court were required to affirm an agency decision just because a single factor favored that decision, even where, as here, important countervailing evidence was not even addressed by the agency, judicial review for substantial evidence under 2 Pa. Cons.Stat. § 704 would be reduced to a rubber stamp.

Such a restrictive interpretation of the role of the reviewing court is contrary to established rules of statutory construction. Under 1 Pa. Cons.Stat. § 1922(1), it is presumed that the legislature does not intend a result that is absurd or unreasonable. In *Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262, 266 (1975), this court held that interpreting the Public Employee Relations Act to provide an illusory right of collective bargaining was an absurd result. I believe that it is equally absurd to

interpret the scope of review under § 704 so narrowly that the right to judicial review is ineffectual and illusory.

Thus, the Commonwealth Court committed no error in examining the potential significance of Gibson's enforcement experience: to the contrary, the court was required to do so. I agree, however, that the Commonwealth Court erred by reversing the Commission. Just because the Commonwealth Court had found a single factor—additional enforcement experience—which weighed in Gibson's favor, it was incorrect to hold that the Commission's decision was not based on substantial evidence. *See Bethenergy Mines*, 531 Pa. at 293, 612 A.2d at 437 (the fact that contrary evidence exists does not mean that an administrative adjudication is not based on substantial evidence).[1]

Instead, the Commonwealth Court should have remanded the case to the Commission so that the enforcement experience question could be addressed. This precise issue arose in the case of *Page's Department Store v. Velardi*, 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). In *Page's Department Store*, a Workers' Compensation referee's adjudication did not address why the referee had rejected the claimant's allegation that his injuries resulted from an accident suffered at work. As in this case, the Commonwealth Court reversed. This court held that the record was insufficient for appellate review, and that the case should be remanded, stating:

> When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not assume from the absence of a finding on a

---

1. The Commonwealth Court also erred in stating that Bowman had presented no evidence that Gibson's enforcement experience did not make her the better candidate. Bowman presented evidence of his own training and practical experience. His argument was that, taken as a whole, and compared with the sum total of Gibson's experience and training, Bowman's background made him so superior a candidate that the affirmative action plan did not apply. Bowman was not required to prove his case by disparaging every item in Gibson's resume.

specific point that the question has been resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level.

*Page's Department Store,* 464 Pa. at 287, 346 A.2d at 561.[2]

This case is in exactly the same posture as *Page's Department Store,* and that case controls the outcome here. The Commission majority did not discuss the significance of Gibson's enforcement experience.[3] In fact the Commission stated that the only countervailing evidence to Bowman's experience at the larger park was the minimum educational and training requirements. On remand the issue should be addressed.

The Commission's failure to weigh the impact of Gibson's enforcement experience is inextricably bound up with, and is one aspect of, a larger flaw. An agency opinion needs to contain sufficiently detailed findings of fact, together with a coherent legal discussion, so that the Commonwealth Court can perform a meaningful review. Any less would frustrate the legislative intent, in addition to providing agency panels with a means of nullifying the effect of legislation, because it would enable an agency to shield its decisions from review by drafting opinions in generalized and conclusory terms.[4]

**2.** *See also National Fuel Gas Distribution Corp. v. Pennsylvania Public Utility Commission,* 677 A.2d 861 (Pa.Commw.1996) (case remanded to agency because, inter alia, agency had failed to set forth its reasons for rejecting testimony by gas company).

**3.** The issue was addressed by the dissenting member of the Commission, but the majority did not respond to the dissent's arguments.

**4.** As stated in *Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 851 (D.C.Cir.1970):

The function of the [appellate] court is to assure that the agency has given reasoned consideration to all the material facts and issues. This calls for insistence that the agency articulate with reasonable clarity its reasons for decision, and identify the significance of the crucial facts.... [T]he court must not be left to guess as to the agency's findings or reasons.

Consequently, the Commission should draft its opinion so that the logical chain from the facts to the conclusions is complete.

*See also National Fuel Gas Distribution Corp.* (remanded because PUC's decision failed to indicate which arguments it found persuasive, why it rejected contrary evidence and the reasoning for the decision was insufficiently set forth).

The adjudication here contains too many gaps for effective review. In particular, the Commission determined that Bowman should prevail because his experience in a larger park made him the more qualified candidate. The adjudication does not explain why that experience makes a significant difference. The agency's rationale merely recites broad, generalized phrases like "experience at a larger park" and "dealing with the public", which provide too little information for the reviewing court to do its job.[5]

Absent any meaningful discussion of each candidate's past duties as a seasonal park ranger, the degree of skill and judgment required, or the duties of a permanent park ranger, the court is left hanging. It can only determine whether Bowman's large park experience (or Gibson's enforcement experience) is substantial by reading the transcript, finding more information and deciding how much weight to give to particular experiences and training. Given its conclusion that there was adequate evidentiary support for the Commission's conclusion, it seems that the majority did this.

However, as the majority correctly observes earlier in its opinion, that is not the court's function under the Administrative Agency Law. The agency adjudication needs to make sense standing alone. Thus, while the reviewing court must still review the record for substantial evidence, the court should do so to verify that the evidence is there: it should be evident from the adjudication why particular evidence is significant. That is not the case here. Therefore I believe that the only appropriate disposition we can make in this case is to remand it to the Civil Service Commission.

CASTILLE, J., joins this concurring and dissenting opinion.

---

5. I recognize that the term "enforcement experience" is no more specific than the others.