Miles, Appellant, *v.* Gallagher.

Argued December 15, 1960.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Joseph F. Dutka,* for appellant.

*Penrose Hertzler,* for appellee.

OPINION BY RHODES, P. J., March 22, 1961:

The appeal in this workmen's compensation case raises the following question: Where a claimant, who has previously lost the index finger of his left hand in a noncompensable accident, loses his arm in a compensable accident, is the employer liable to pay the full compensation for the specific loss of the arm under section 306(c) of the Workmen's Compensation Act, as amended, 77 PS §513, namely 215 weeks, or is the employer's liability reduced to the extent of the 35-week period covering the noncompensable loss of the index finger?

There is no factual dispute. The question presented is wholly one of law. In 1934, claimant, while repairing an automobile, suffered the loss of the left index finger by amputation through the middle phalanx. At the time, claimant was self-employed and therefore received no compensation for loss of the finger. On October 7, 1954, while in the employ of defendant, claimant suffered an accidental injury when his left arm was caught in the winch of a bulldozer, necessitating amputation of the left arm between the elbow and shoulder. Claimant's injury was limited to the specific loss of the left arm, and there is no question of disability separate and apart from the specific loss.

On October 22, 1954, an agreement was entered into covering payment of compensation for 180 weeks, being the 215 weeks provided in section 306(c) for the loss of an arm, less 35 weeks for the loss of the left index finger. The agreement for 180 weeks expired on March 27, 1958. On October 6, 1958, or 27 and 4/7 weeks after the expiration of the 180-week agreement, claimant filed a petition to review, asserting that the deduction of 35 weeks for the finger was improper.

At the hearing before the referee the crucial facts were established without contradiction. The referee concluded the agreement—covering 180 weeks, being 215 weeks for the loss of the left arm, less the 35 weeks for the loss of the left index finger—was proper, and dismissed claimant's review petition. On appeal, the board reversed and granted claimant compensation for the additional 35 weeks on the ground that the loss of the finger did not functionally interfere with the use of claimant's hand or arm, and that therefore claimant was entitled to the full 215 weeks for the loss of an arm. On appeal by the employer and the insurance carrier, the Court of Common Pleas of Schuylkill County reversed the board, and held that the employer was liable for loss of the left arm reduced by the compensation payable for the previous loss of the left index finger. Claimant has appealed.

We agree with the court below that the question presented on this appeal is ruled by principles announced in *Leech v. Builders Supply Company,* 102 Pa. Superior Ct. 543, 157 A. 629. In that case claimant lost a foot by amputation prior to the effective date of the Workmen's Compensation Act. We affirmed the board and the court of common pleas, and held that claimant was entitled to compensation for only 65 weeks, namely, the difference between 150 weeks for the loss of a foot and 215 weeks for the loss of a leg. We stated (page 547 of 102 Pa. Superior Ct., page 631 of 157 A.) : "If we would accept the theory of the appellant, he could now recover for the loss of a leg, which includes the foot. But, when he was employed by the defendant, he did not have a left foot and he is not entitled, therefore, to receive compensation for the loss of something which he did not possess. We agree with the board and the learned court below that this employer is liable for the loss of a leg, less the number of weeks prescribed for the loss of a foot;

otherwise, there would be an overlapping award, which was never contemplated by the statute."

Specific losses enumerated in section 306(c), 77 PS §513, are compensable irrespective of claimant's actual disability or incapacity. *Thatcher v. Weinstein,* 154 Pa. Superior Ct. 368, 372, 35 A. 2d 549. Additional disability resulting from loss of a specific member may be recovered but must be established by competent proof. *Lente v. Luci,* 275 Pa. 217, 219, 119 A. 132; *Yanik v. Pittsburgh Terminal Coal Corporation,* 150. Pa. Superior Ct. 148, 153, 27 A. 2d 564. Under the principle of *Leech v. Builders Supply Company,* supra, 102 Pa. Superior Ct. 543, 157 A. 629, it is immaterial that the prior loss of the index finger resulted in no appreciable disability to the left hand, and the board was in error in attempting to distinguish the present appeal from the *Leech* case on such basis.

In *Dover v. American Reduction Company,* 146 Pa. Superior Ct. 474, 23 A. 2d 102, claimant contended that the loss of a little finger on a hand, which had suffered prior amputation of three fingers, resulted in a complete loss of the entire hand. President Judge KELLER, speaking for the Court, pointed out that there was no evidence on the record to show that the loss of the little finger caused, or resulted in, loss of the hand, and confined the award to the specific loss provided for the little finger. The following quotation in *Dover v. American Reduction Company,* supra, 146 Pa. Superior Ct. 474, 480, 23 A. 2d 102, 104, sets forth the principle which is controlling here: "A man who has little more than a stump of a hand, outside of his thumb and little finger, as a result of prior accidents, cannot ask an insurance carrier to pay for the loss of the *hand,* because he accidentally loses the little finger remaining on the stump. If the accident is limited to the amputation of the finger, his compensation is limited to the loss of the finger. If an employee, who has previously lost

one eye, accidentally loses his other eye, he is paid compensation for the loss of an eye—not for the loss of two eyes, even though he is then totally blind. *Lente v. Luci*, 275 Pa. 217, 224, 119 A. 132. Any other construction would prevent the employment of persons who had been injured or lost certain members of their body." Clearly, any ruling other than that in the *Leech* and *Dover* cases would result in overlapping awards and unfair advantage to claimants who suffered loss of lesser members prior to subsequent loss of the entire member or portion of the body.

As a matter of law, on the admitted facts, claimant is not entitled to have the agreement modified so as to include compensation for a finger previously lost in a noncompensable accident. It is therefore unnecessary to decide whether his petition for modification was filed in time under the limitation provisions of the Act.

Judgment for defendant and the intervening defendant is affirmed.

WATKINS, J., did not participate in the consideration or decision of this case.