Elizabeth Hoy, Appellant, *v.* Fran Lingerie and Aetna Casualty & Surety Company, Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued June 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Ira H. Weinstock,* with him *Handler, Gerber, Widmer and Weinstock,* for appellant.

*Joseph A. McKenna,* with him *Calvin J. Friedberg* and *Williamson, Friedberg & Jones,* for appellees.

OPINION BY JUDGE BLATT, August 15, 1973:

On April 9, 1970, Elizabeth Hoy (claimant) an employee of Fran Lingerie (employer), was injured while descending a flight of stairs located on her employer's premises. The claimant left work at once, sought the aid of a physician, and returned to work on April 14, 1970. She continued to work until September 3, 1970, during which time she was frequently treated by her family physician and given medicine for relief of pain in her back. On September 11, 1970, the claimant un-

derwent surgery for the removal of a disc,[1] and she received permission to return to work on December 1, 1970. She worked until December 3, 1970, on which date she left because she was unable any longer to do the work required. She then filed a claim petition seeking workmen's compensation.

Following a hearing, the referee found that the claimant was totally disabled from September 1, 1970 to December 1, 1970, and from December 3, 1970 was permanently and totally disabled, all as a result of the accident she suffered on April 9, 1970. On appeal, the Workmen's Compensation Appeal Board (Board), in an order dated February 8, 1973, affirmed the order of the referee except as to the claimant's disability from December 3, 1970. On that issue it substituted its own finding of fact for that of the referee, holding that all disability ceased as of December 1, 1970. The Board took no new evidence in this case.

The claimant appealed to this Court, and the sole issue before us is the extent of her disability following December 3, 1970.

Our scope of review in cases such as this is limited to a determination as to whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Arnold Coal & Supply Co., Inc. v. Markle*, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); *Bayuk Cigar Company v. Hawn*, 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973). And where, as here, the Board takes no new evidence, we are bound by the findings of fact made by the referee if they are supported by substantial competent evidence. It is the province of the referee, not the Board, to con-

---

[1] She had undergone a similar operation on November 3, 1969, and had also been suffering from degenerative arthritis.

sider the credibility of witnesses before it. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

On the issue of disability, the referee heard three medical witnesses. The claimant's family physician testified that she was permanently and totally disabled on December 3, 1970 and thereafter, as a result of the accident of April 9, 1970. The claimant's other medical witness, the surgeon who had operated on her, testified that as of December 1, 1970 she was no longer disabled. The employer's medical witness testified that any disability the claimant might have had was not caused by the April 9, 1970 accident. It is apparent, therefore, that the referee had competent evidence before him which presented three different viewpoints on this issue, and he chose to accept the testimony of the claimant's family physician. Although we might have come to a different decision if we had been in the position of the fact finder, that is the role of the referee, not ours, nor the Board's. A careful reading of the record shows, moreover, that there was substantial competent evidence on which the referee could have based his finding of fact as to disability. The Board acted improperly, therefore, in substituting its own finding of fact for that of the referee.

For the above reasons, therefore, we enter the following

### ORDER

Now, August 15, 1973, it is hereby ordered that judgment is entered in favor of Elizabeth Hoy and against Fran Lingerie and/or its insurance carrier Aetna Life & Casualty Co., for compensation for total disability at the rate of $56.00 a week from September 3, 1970 to December 1, 1970, amounting to $712.00, and to continue thereafter at the rate of $56.00 a week from

December 4, 1970, including legal interest on deferred payments, and all medical expenses as set forth in Referee's Finding of Fact No. 7, totalling $1393.25, all within the terms and limits of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.