Foster Wheeler Corporation and Liberty Mutual Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Joseph Lengen, Appellees.

Argued March 7, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Frederick C. Fletcher,* with him *Joseph Bodell, Jr., Joseph R. Thompson, James K. Thomas, II,* and *Metzger, Hafer, Keefer, Thomas & Wood,* for appellants.

*James A. Schneider,* for appellees.

OPINION BY JUDGE MENCER, April 16, 1974:

This is an appeal by Foster Wheeler Corporation (Foster) and its insurance carrier, Liberty Mutual Insurance Company, from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of Foster's petition to terminate compensation to Joseph Lengen (Lengen).

On July 2, 1968, Lengen was injured while in the course of his employment with Foster. On July 1, 1969, Lengen and Foster entered into an agreement for compensation for disability pursuant to provisions of The Pennsylvania Workmen's Compensation Act.[1] Under the terms of this agreement, compensation at the rate of $60 per week was paid to Lengen from July 1, 1969 through September 9, 1970. Foster then filed the petition for termination which is the subject of this appeal.

Our scope of review in this type of case is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has adopted the findings and conclusions of the referee and has found against the party having the burden of proof, review by this Court is to determine whether the findings are consistent with each other and with the conclusions of law and the Board's order and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973).

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.

Foster acknowledges that the burden of proof in a termination petition case is on the employer to show that the injured employe's disability has ceased, decreased, or changed. *Crucible Steel Company of America v. Skwarko,* 9 Pa. Commonwealth Ct. 269, 306 A. 2d 395 (1973). Foster also shows an awareness of our limited scope of review and argues, as the single issue on appeal, that the Board's order be reversed as a capricious disregard of competent evidence.

Foster bases his argument on the testimony of his expert witness, Dr. J. George Jonas. Dr. Jonas testified that Lengen exhibited no evidence of disability other than an arthritic condition which he suspected to be Marie-Strumpell's disease. On the basis of this testimony, Foster argues that the referee's findings and conclusions (subsequently adopted by the Board), that Lengen is still disabled as a result of his accident and that Foster has failed to show otherwise, are a capricious disregard of competent evidence.

A review of the record compels the conclusion that there was no capricious disregard of competent evidence on the part of the referee. Dr. Jonas' testimony was rebutted by the testimony of Lengen's expert witness, Dr. Randolph Blodgett, who stated unequivocally that Lengen did not have Marie-Strumpell's disease. The referee apparently chose to accept Dr. Blodgett's testimony and rejected that of Dr. Jonas. This was within his power as fact finder. *Elizabeth Hoy v. Fran Lingerie,* 9 Pa. Commonwealth Ct. 542, 308 A. 2d 640 (1973).

A capricious disregard of competent evidence occurs when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal*

*Board, supra.* In light of Dr. Blodgett's contradictory testimony, we cannot say that the referee's rejection of the testimony of Dr. Jonas was such a flagrant disregard of the testimony as to be repugnant to a man of reasonable intelligence. Therefore, we must conclude that the referee did not capriciously disregard competent evidence. *Crain v. Small Tubes Products,* 8 Pa. Commonwealth Ct. 157, 302 A. 2d 925 (1973).

We therefore issue the following

### Order

And Now, this 16th day of April, 1974, the July 30, 1973 order of the Workmen's Compensation Appeal Board, relative to the claim of Joseph Lengen, is hereby affirmed.