Heintz Division Kelsey Hayes Company and Insurance Company of North America, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Vincent L. Killian, Appellees.

Argued September 10, 1974, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*R. D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, October 16, 1974:

The facts of this appeal are essentially undisputed. Vincent L. Killian, claimant-appellee, suffered the traumatic amputation of portions of all four fingers of his left hand when that hand was caught in a malfunctioning press on September 25, 1963. As a result of this accident, claimant-appellee was awarded specific loss benefits for the loss of use of his left hand.

Approximately five months after this first accident, claimant-appellee returned to work with the same employer and resumed the same job. Subsequently, on April 23, 1968, a press malfunctioned and his left hand was again caught, resulting in additional amputation of the stumps of claimant-appellee's previously amputated fingers.

Claimant-appellee filed a petition for compensation which employer-appellant disputed on the basis that claimant-appellee had already received appropriate compensation benefits for loss of use of the left hand, and that no additional benefits were due. The referee awarded compensation for total disability under Section 306(a) of the Workmen's Compensation Act[1] during the time claimant-appellee was out of work, and thereafter compensation for partial disability under Section 306(b) of the Act, 77 P.S. §512 (claimant-appellee having returned to work with employer-appellant as a tool crib attendant with a decrease in earnings). The Workmen's Compensation Appeal Board affirmed the decision of the referee, and employer-appellant now appeals to this Court.

The sole issue presented here is whether claimant-appellee, having already received specific loss benefits for loss of use of the left hand, can later be awarded additional benefits for total and/or partial disability

[1] Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §511.

when a separate accident causes further amputation to the same hand.

The referee made specific findings of fact, supported by uncontradicted competent medical testimony, that because of the second accident, claimant-appellee had lost the remaining sections of the finger stumps; that the palm surfaces had been reduced by reason of the amputation; that there was present atrophy of the wrist and forearm; and that claimant-appellee sustained a permanent disability of 25%. There being ample competent evidence to support these findings, they will not be disturbed on appeal. *Mapp v. City of Phila. and Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 23, 317 A. 2d 680 (1974). Our scope of review in this particular case is to determine whether an error of law has been committed. *Foster Wheeler Corp. et al. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 45, 317 A. 2d 922 (1974).

We are convinced that an error of law has been committed. By virtue of the Workmen's Compensation Board's determination following the 1963 accident, claimant-appellee has already judicially lost his left hand. Albeit he returned to and satisfactorily performed the same job after the 1963 accident, using left hand, we are bound by the determination of loss. The prior compensation awarded was under Section 306(c)(1), 77 P.S. §513(1), and is, therefore, the exclusive compensation to be awarded, for the introductory clause to the statute reads: "For *all* disability resulting from permanent injuries of the following classes, the compensation shall be *exclusively* as follows: (1) For the loss of a hand . . . ." (Emphasis supplied.)

The statute does not provide further compensation for an injury to a member that judicially does not exist, and claimant-appellee is not entitled to receive an award for loss of something which he did not possess. *Miles v. Gallagher*, 194 Pa. Superior Ct. 338, 168 A. 2d 805

(1961). Claimant-appellee's position after the second accident is legally no different from the position he was placed in after the Board's decision following the first accident, and he has already been fully compensated under the Act. He cannot be further compensated for what is essentially the second loss of his hand.

Even though our sympathies lie with the claimant-appellee in this case, the Court has no power to extend the workmen's compensation benefits beyond the limits authorized in the statute. As Judge KRAMER said in *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 225, 298 A. 2d 632, 637 (1972) : ". . . [Our] sympathy does not control the law. If such a disability is to be made compensable, it must come from the Legislature."

Although we hold that claimant-appellee is not entitled to compensation, the liberal construction we are required to give the Act, including the definition of "accident," allows us to find that an accident did occur. *See New Standard Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 494, 309 A. 2d 60 (1973). This being the case, it was appropriate for the insurance carrier to pay the medical expenses since Section 306(f), 77 P.S. §531, requires the employer to provide for reasonable surgical and medical services.

Accordingly, we enter the following

### ORDER

Now, October 16, 1974, the decision of the Workmen's Compensation Appeal Board is reversed, claimant's petition for compensation is dismissed, and appellant, through its insurance carrier, is ordered to pay all necessary and reasonable medical expenses of appellee resulting from the accident of April 23, 1968.