Periodical Press Corporation and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Isabell Esposito, Appellees.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Howard M. Ellner,* with him *John F. McElvenny,* for appellants.

*Martin B. Pitkow,* with him *Robinson, Greenberg & Lipman,* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Mencer, February 6, 1975:

This is an appeal by the Periodical Press Corporation (appellant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's order dismissing appellant's petition to terminate compensation and awarding compensation for total disability to Isabell Esposito (claimant).

On September 30, 1969, claimant suffered a compensable accident while in the course of her employment with appellant. On November 19, 1969, claimant and appellant entered into an agreement for compensation, pursuant to the provisions of The Pennsylvania Workmen's Compensation Act.[1] Under the terms of this agreement, compensation for total disability was paid to claimant at the rate of $58.49 per week. On April 7, 1970, compensation payments ceased, and appellant, on June 1, 1970, filed its petition to terminate compensation, alleging that claimant's disability ceased on April 8, 1970. A referee denied appellant's petition, but the Board thereafter remanded the matter for the appointment of an impartial medical expert. After hearing the testimony of this expert, the referee again denied appellant's petition, and on appeal the Board affirmed. Appellant then filed this appeal.

Our scope of review in this type of case is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A.2d 169 (1973). And where, as here, the Board has adopted the findings and conclusions of the referee and has found against the party having the burden of proof,[2] review by this Court is to determine whether the

---

1.    Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

2.    The employer in a termination petition case has the burden of proving that the injured employe's disability has ceased, de-

findings are consistent with each other and with the conclusions of law and the Board's order and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973).

Appellant contends that the referee and the Board capriciously disregarded competent evidence in denying its termination petition and awarding compensation for total disability to the claimant. We do not agree.

Our careful review of the record reveals that, although there is evidence in the record to support appellant's petition, this evidence is contradicted by the evidence presented by the claimant; namely, the testimony of claimant's medical expert, Dr. Mandarino; the impartial medical expert, Dr. Gerber; and claimant's own testimony. Since there was conflcting evidence presented, it became the duty of the referee to weigh the credibility of the witnesses. The referee chose to accept claimant's witnesses' testimony over that of appellant's. This action was within his power as the fact finder and we are bound by his determination. *Hoy v. Fran Lingerie,* 9 Pa. Commonwealth Ct. 542, 308 A.2d 640 (1973).

A capricious disregard of competent evidence occurs when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board, supra.* In view of claimant's contradictory evidence, we cannot say that the referee's rejection of appellant's evidence was a *capricious* disregard of competent evidence. *See Foster Wheeler Corporation, supra.*

---

creased or changed. *Foster Wheeler Corporation v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 45, 317 A.2d 922 (1974).

We therefore issue the following

ORDER

AND NOW, this 6th day of February, 1975, the order of the Workmen's Compensation Appeal Board dismissing the appeal of Periodical Press Corporation and/or its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, is hereby affirmed.