Sharon Scarpelli, Widow of Christopher Scarpelli, Deceased, Appellant, *v.* Workmen's Compensation Appeal Board and Pompey Motors/Clifford Motors, Appellees.

Sharon Scarpelli, Widow of Christopher Scarpelli, Deceased, Appellant, *v.* Workmen's Compensation Appeal Board and Pompey Motors/Clifford Motors, Appellees.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER, and BLATT, sitting as a panel of three.

*Sharon Scarpelli,* appellant, for herself.

*Paul A. Barrett,* with him *Nogi, O'Malley & Harris,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, March 18, 1975:

These actions involve consolidated appeals from decisions of the Workmen's Compensation Appeal Board, the first of which affirmed the order of the referee dismissing the fatal claim petition of Sharon Scarpelli (claimant) and the second of which denied her petition for reconsideration.

The claimant's husband, Christopher Scarpelli, a car salesman for Pompey Motors/Clifford Motors (employer), was killed at 1:45 A.M. on September 15, 1972 when the car he was driving failed to negotiate a curve and collided with a bridge abutment. The claimant filed for death benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., and the referee held hearings to determine the primary question of whether or not the decedent was killed while in the course of his employment.[1]

The testimony adduced at the hearings clearly established that the decedent worked at the employer's showroom until 9:00 P.M. on the evening of Septembr 14, 1972. He then proceeded to the Wimberly Hills Country Club where he arrived at approximately 9:30 P.M. and remained until 1:30 A.M. shortly before his fatal accident. The claimant asserted that the decedent left the Country Club to meet a business customer at the customer's home and that the customer was to place a deposit on an automobile. The referee concluded, however, that "no evidence was presented" to support the claimant's assertion and found that she had failed to meet her burden of establishing the factual basis for the legal conclusion that the decedent was killed in the course of his employment. On appeal the Board affirmed with-

---

1. The Pennsylvania Workmen's Compensation Act, 77 P.S. §411 et seq. (Supp. 1974-1975).

out taking additional evidence. When the Board denied the claimant's petition for reconsideration, these appeals followed.

The appeal from the Board's denial of the claimant's petition for reconsideration must, of course, be denied. We can find no abuse of discretion on the part of the Board in denying the petition, and, moreover, the claimant's interest in the issues raised therein are fully protected by the appeal from the final adjudication by the Board, which we now consider.

Our scope of review in a case such as this is limited to a determination of whether or not constitutional rights were violated, errors of law were committed, or any necessary findings of fact were unsupported by substantial competent evidence. *Foster Wheeler Corp. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 45, 317 A.2d 922 (1974). And where, as here, the Board has adopted the findings and conclusions of the referee and has found against the party having the burden of proof, review by this Court is to determine whether the findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974).

Whether an employee is in the course of his employment is, of course, a legal question. *J. R. Hess, Inc. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 87, 329 A.2d 923 (1975). It is, however, a question based upon the findings of fact. *Greene v. Marger, Inc.*, 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974).

In this case, it is true that the referee concluded that "no evidence was presented" to support a finding that the decedent was killed in the course of his employment and that this statement is obviously at variance with the record. Conrad Kwalek, the alleged customer,

testified to the effect that the decedent was acting in the course of his employment; so did the claimant's brother, with whom the decedent had spent time at the Country Club shortly before his death. So did the claimant's sister, to whom the decedent allegedly expressed his business intentions. On the other hand, the record also reveals other testimony to support the referee's legal conclusion that the decedent was not conducting business at the time of his death, including testimony from the sales personnel of the employer casting doubt as to the business nature of the decedent's early morning departure from the Country Club.

Considering the entire record and the referee's findings, therefore, we do not believe that he failed to consider the obvious testimony favorable to the claimant merely because he used the phrase "no evidence was presented." His statement reflects instead, we believe, his judgment as to the credibility and the weight to be attributed to the claimant's witnesses. Although we regret his choice of words and we might not agree with his judgment it is not within our scope of review to examine those determinations. *Ray-O-Vac Co. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 47, 321 A.2d 731 (1974).

The claimant also argues that her cause was prejudiced by a bias of the Board and by the employer's alleged malicious destruction of the decedent's sales records. Bias and malicious destruction of evidence are difficult to prove and we, of course, must examine these serious allegations carefully. In the one instance, the claimant alleges that the Board refused fair consideration of her case because she refused the Board's offer of counsel and elected representation in propria persona. The evidence, however, does not sustain such an allegation. Nor does the evidence sustain the claimant's further allegation that the decedent's employer maliciously destroyed evidence. It is clear that the decedent's

sales records were destroyed but it is not at all clear, on the record, whether they were destroyed in the ordinary course of business or with willful intent to obstruct justice. The claimant's assertions, therefore, are not supported in the record.

We must, therefore, sustain the decision of the Board upholding the referee's denial of benefits and issue the following

ORDER

AND NOW, this 18th day of March, 1975, the appeals of Sharon Scarpelli from the decisions of the Workmen's Compensation Board of Appeals are dismissed.