Curtis M. Buchan and Workmen's Compensation Appeal Board v. Royal Pizza House, Inc. and Old Republic Companies, Appellants.

Argued October 28, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*George H. Thompson*, with him *Hirsch, Weise & Tillman*, for appellants.

*James W. Bruce*, with him *William F. Caruthers, Caruthers & Bruce*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, January 7, 1977:

Curtis M. Buchan (claimant) was severely injured on September 21, 1972 when he was involved in a one-car automobile accident. As a result of the accident, his legs and lower arms are permanently and completely paralyzed. The sole question presented in this appeal is whether claimant's injuries occurred "in the course of his employment," pursuant to Section 301 (c) of The Pennsylvania Workmen's Compensation Act,[1] which at all times relevant to this appeal provided, in pertinent part:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or ac-

___

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

celerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; *but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer,* whether upon the employer's premises or elsewhere. . . . (Emphasis added.)

The referee denied compensation benefits, concluding that the claimant was not in the course of his employment at the time the injury occurred. The Workmen's Compensation Appeal Board (Board) vacated two of the referee's findings of fact and the conclusion of law based on them. The Board, after making its own findings,[2] reversed the referee's determination of ineligibility and remanded for a computation of benefits.

Royal Pizza House, Inc. (Royal Pizza) and Old Republic Companies (appellants) assert that the Board improperly exercised its review and urge us to reinstate the determination of the referee. Since we find that the referee failed to make necessary findings of fact on a crucial issue, we must remand, not for a computation of benefits but for additional findings of fact.

---

[2] Although the Board did not make numbered findings of fact, its reversal was clearly based on statements concerning evidence in the record. These statements were, in actuality, findings of fact.

124

The referee made the following statements labeled "Findings of Fact":

FIRST: Curtis Buchan, claimant, filed Claim Petition No. 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 alleging that on 9-21-72 he suffered a work-related injury while in the course of his employment with the defendant, Royal Pizza House, Inc. Old Republic Insurance Company intervenes as party-defendant.

SECOND: Claimant further alleges that because of said work-related injury he has been totally and permanently disabled from that date until the present and into the future.

THIRD: It is agreed by all parties that the claimant did suffer an incidence [sic] on 9-21-72 and that from said incidence the claimant received such injuries that have left him totally and permanently disabled.

FOURTH: On 9-21-72 claimant was not scheduled to work at his place of employment.

FIFTH: On 9-21-72 claimant appeared at his regular place of employment for personal reasons and not to engage in normal work duties.

SIXTH: On 9-21-72 claimant was not ordered by anyone of responsible management to perform any duties that resulted in his subsequent accident.

SEVENTH: On 9-21-72 claimant was not in process of doing any duty that was in the furtherance of his employer's business interest.

EIGHTH: This referee finds as a fact based on all the evidence taken and briefs submitted that the claimant did suffer an accident on 9-21-72, but that said accident was not while he was in the course of his employment and the said accident was not the result of his doing anything to further his employer's interest.

The Board vacated the sixth and seventh findings. It is clear, however, from our reading of the record, that finding 6 is supported by substantial competent evidence and must be allowed to stand. Finding 7 and the second clause of finding 8 are actually conclusions of law, since it is well established that whether one is in the course of his employment at the time of an injury is a question of law. *Scarpelli v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 30, 333 A.2d 828 (1975), *cert. denied*, 423 U.S. 1077 (1976). The Board could therefore act to reverse these latter determinations without exceeding its scope of review. *See generally Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). We conclude, however, that on the state of the findings made by the referee neither the Board nor we can resolve the legal issue with certainty.

While findings 4 through 6 tend to show that claimant was not in the course of his employment, they are not conclusive. In cases such as this one, the manner in which each individual business is operated by the employer and the relationship of the claimant to the normal method of operation must also be considered. It cannot be decided what the "course of employment" is unless some detailed findings concerning the business operations are made.

In cases somewhat related to the factual situation in the instant case, our Superior Court has found it essential to consider these factors. In *French v. Coff Decorators*, 199 Pa. Superior Ct. 482, 185 A.2d 646, *allocatur den.* (1962), a delivery boy who was instructed to drive a vehicle home to prepare for an early delivery the next day was compensated for an accident which occurred on his way home. Where an individual had a tacit understanding with his employer concerning transportation to and from work, he was com-

pensated for injuries suffered while he was being transported home by a co-worker. *Susman v. Kaufmann's Department Store,* 182 Pa. Superior Ct. 467, 128 A.2d 173 (1956), *allocatur den.* (1957). In *Miller v. Schiffner,* 196 Pa. Superior Ct. 84, 173 A.2d 707 (1961), an employee who suffered a heart attack at his home while trying to start his employer's truck preparatory to leaving for work was awarded benefits, as was the claimant in *Griffin v. Acme Coal Co.,* 161 Pa. Superior Ct. 28, 54 A.2d 69 (1947), who was injured on his day off when he returned to his employer's place of business to pick up his paycheck. *Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966), involved a salesman who was injured in an accident while off duty and outside his territory. The Court found that Maher's injury suffered while returning from helping fellow salesmen erect a display was compensable because his actions were customary for his job though not required by his employer. In short, specific findings concerning the nature of a business operation are of crucial importance in determining the legal issue of whether a claimant is in the course of his employment at the time of injury.

When the referee has failed to make crucial findings of fact necessary for a proper application of the law, the correct and indeed only remedy is to remand. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

The Board erred by taking upon itself the task of making the needed findings. However, it is equally certain that the referee erred by failing to set forth findings on the nature of Royal Pizza's customary manner of operation.

We therefore make the following

ORDER

Now, this 7th day of January, 1977, the record in the above captioned case is remanded to the Workmen's Compensation Appeal Board with instructions to remand to a referee for the making of findings of fact necessary to determine the legal issue in this case.