Royal Pizza House, Inc. and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Curtis M. Buchan, Respondents.

Argued November 3, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*George H. Thompson,* with him *Hirsch, Weise & Tillman,* for petitioners.

*James W. Bruce,* with him *Caruthers & Bruce,* for respondents.

OPINION BY JUDGE MENCER, January 24, 1979:

Royal Pizza House, Inc. (employer) and its workmen's compensation insurance carrier have appealed from an order of the Workmen's Compensation Appeal Board which remanded this case to a referee for the purpose of making findings of fact which are, in the opinion of the Board, crucial to determining whether or not Curtis M. Buchan (claimant) was injured in the course of his employment.[1] We quash the appeal.

Remand orders are interlocutory in nature, and appeals therefrom must therefore be quashed unless they

---

[1] This case was previously before us, at which time we remanded the case so that the referee could make crucial findings of fact concerning the nature of the employer's business. *Buchan v. Royal Pizza House, Inc.,* 28 Pa. Commonwealth Ct. 121, 367 A.2d 824 (1977). Although the referee did make some additional findings, they were not sufficient, in the opinion of the Board, to resolve the course-of-employment issue. Our earlier opinion strongly suggests that the Board acted properly in again remanding the case to the referee.

fall within the exceptions established in *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), or *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). *See, e.g., Norato v. Tasty Cake Baking Co.,* 27 Pa. Commonwealth Ct. 309, 366 A.2d 1290 (1976). At oral argument, the employer's counsel admitted that this appeal is not specifically covered by either of these exceptions but argued that to allow this appeal would be a logical extension of *Zindash.* We do not agree.

In *Zindash,* the Board ordered a rehearing, although no conclusion other than that of the referee could be supported. Since a rehearing would therefore have served no purpose except delay, this Court allowed the appeal. In this case, the remand was not for a rehearing but for the making of additional findings of fact. Review by the Board, by this Court, and by the Supreme Court is absolutely dependent upon findings of fact which are sufficiently detailed to allow application of the proper legal principles. *See, e.g., Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975); *Buchan v. Royal Pizza House, Inc., supra* note 1. The referee is the one who is initially responsible for making such findings and, where he has failed to do so, the correct and indeed only remedy is to remand. *Buchan v. Royal Pizza House, Inc., supra* note 1; Section 419 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §852.[2]

We need not decide whether or not all of the findings requested by the Board are essential; it is suf-

---

[2] The employer's argument that the Board is usurping the referee's fact-finding power is without merit. The Board simply pointed out several factual issues which the referee had not addressed; it did not suggest how the referee should resolve these factual issues.

ficient that many of them are at least arguably relevant to the legal issues involved. Since detailed findings of fact will aid appellate review of these legal issues, a purpose other than delay will be served and the rationale of *Zindash* cannot be extended to allow an appeal in this case.

ORDER

AND Now, this 24th day of January, 1979, the appeal of Royal Pizza House, Inc., and Old Republic Companies is hereby quashed.