Tim-Bar Paper Co., Spectra-Kote Corp., Oxford Container Co. et al., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ronald Arnsberger, Respondents.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Philip D. Freedman,* with him *Caldwell, Clouser & Kearns,* for petitioners.

*Alan M. Cashman,* with him *Crabbs, Cashman and Frey,* for respondent.

OPINION BY JUDGE MACPHAIL, April 19, 1979:

Tim-Bar Paper Co., Spectra-Kote Corporation, Oxford Container Company (Employer) and Royal Globe Insurance Companies (Insurer), together (Petitioners) have appealed the order of the Workmen's Compensation Board of Review (Board) which remanded this case to the referee for the purpose of making more specific findings of fact. The referee denied benefits to Ronald Arnsberger (Claimant) on the ground that the petition was not filed within the allowable statutory period. The Board concluded that more specific findings were necessary for a determination of whether Claimant fell within any of the exceptions to the bar of the Statute of Limitations. We must quash this appeal.

Since the Claimant, (1) suffered the loss of one-half of his left arm from an admitted work related

accident and (2) his claim petition was filed beyond the applicable Statute of Limitations, the sole issue remaining in the case is whether Claimant was lulled by his Employer's actions into non-compliance with the Statute of Limitations or whether he received compensation subsequent to October 14, 1971, which would remove him from the bar of the Statute of Limitations.

It is well settled and has quite recently been re-iterated by this Court that remand orders are inter-locutory and no appeals therefrom will be allowed unless certain exceptions are present. *Royal Pizza House, Inc. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 82, 396 A.2d 884 (1979).

In the instant case the Board found that certain conversations between Claimant and his Employer would constitute lulling, and if the time frame of those conversations was such as to extend the time for fil-ing of the claim petition, the Statute of Limitations would not be a bar.

In the *Royal Pizza* case, Judge MENCER stated:
Review by the Board, by this Court, and by the Supreme Court is absolutely dependent up-on findings of fact which are sufficiently de-tailed to allow application of the proper legal principles. . . . The referee is the one who is initially responsible for making such findings and, where he has failed to do so, the correct and indeed only remedy is to remand. (Cita-tions omitted.)
*Royal Pizza House, Inc., supra,* at 84, 396 A.2d 885.

We hold that the order of the Board, in the in-stant case, was interlocutory, that the Board was exer-cising its proper discretion in directing that addition-al and critical facts be found by the referee, and that therefore this appeal must be quashed.

ORDER

AND Now, this 19th day of April, 1979 the appeal of Tim-Bar Paper Company, Spectra-Kote Corporation, Oxford Container Company et al., and Royal Globe Insurance Companies is quashed and the case is remanded to the Workmen's Compensation Appeal Board for compliance by the referee with the remand order entered by the Workmen's Compensation Appeal Board on January 26, 1978.